### E. M. LOVE, Respondent, v. ED. J. LIDDLE, Appellant.

#### No. 1461.   (72 Pac. 185.)

1. **Constitutional Law: Justices of the Peace:   Class of Judicial Officers.**

    Under Constitution, article 8, section 1, vesting the judicial power in the Senate, Supreme Court, district court, justices of the peace, and such other courts inferior to the Supreme Court as may be established by law, justices of the peace constitute one distinct class of judicial officers.

2. **Same: Special Legislation:   Sess. Laws 1901, Ch. 106 Held Unconstitutional.**

    Session Laws 1901, page 108, chapter 106, entitled "An act relating to justices of the peace in cities of the first class," and limiting the jurisdiction of such justices in civil actions to controversies involving less than $10, violates Constitution, article 6, section 26, prohibiting the Legislature from enacting any special law regulating the jurisdiction of justices of the peace, the practice of courts of justice, or in all cases where a general law can be applicable.

**3.  Same:  Restriction of Jurisdiction.**
Constitution, article 8, section 8, providing that the Legislature may restrict the jurisdiction of justices of the peace, confers the power to restrict such jurisdiction by general law, but not to prescribe jurisdiction in particular localities different from that exercised in the State at large.

**4.  Same:  Classification:  Power of the Legislature.**
The courts of the State having been classified or enumerated in Constitution, article 8, section 1, no other classification can be made which will either increase or diminish legislative power in this regard.

**5.  Same:  Justices of the Peace; Cities of First Class.**
By Session Laws 1901, page 109, chapter 107, providing that precinct officers are one justice of the peace and one constable, and that cities of the first class shall not be divided, but shall be deemed one precinct for the purpose of electing a justice and constable, justices of the peace in cities of the first class are precinct officers, and not merely city officers, and the fact that the territorial boundaries of their precinct are coextensive with the city does not render them city officers, and, as a class by themselves, subject to special legislation.

**6.  Same:  Jurisdiction of Justices' Courts:  Restriction.**
Revised Statutes 1898, title 13, chapter 4, prescribing the jurisdiction of justices' courts, and applying to the State at large, can not be restricted in its application by a special law affecting only justices in cities of the first class.

(Decided April 18, 1903.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart,* Judge.

Action before a justice of the peace in the precinct of Salt Lake City to recover on a certain promissory note of the value of $30.   The defendant demurred on the ground that the court had no jurisdiction of the subject-matter of the action, "it appearing on the face of the complaint that the amount sued for is more than ten dollars."   The demurrer was overruled and, the defendant refusing to answer and electing to stand on his demurrer, judgment was rendered in favor of the plaintiff.   The trial court certified that the case involved the

constitutionality of chapter 106, p. 108, Session Laws 1901. The defendant appealed.

AFFIRMED.

C. W. Jones, Esq., and C. W. Boyd, Esq., for appellant.

A. A. Duncan, Esq., and J. E. Frick, Esq.. for respondent.

BARTCH, J.—This action originated before a justice of the peace in the precinct of Salt Lake City. The allegations and prayer of the complaint are as follows:: "That on the 23d day of January, 1899, the defendant, for value received, made his certain promissory note in writing, whereby he promised to pay plaintiff, or order, at Salt Lake City, Utah, the sum of $30 on or before February 6, 1899. That plaintiff is the owner and holder of said note, which is due and unpaid, except as to the sum of $5 paid February 9, 1899, and $5 paid February 23, 1899, and the defendant, though often requested, has failed and neglected to pay the balance due thereon. Wherefore plaintiff demands judgment against the defendant for the sum of $20, together with interest and costs of suit." The defendant demurred on the ground that the court had no jurisdiction of the subject-matter of the action, "it appearing on the face of the complaint that the amount sued for is more than ten dollars." The demurrer was overruled, and the defendant refusing to answer, and electing to stand on his demurrer, judgment was entered in favor of the plaintiff for $26.50 and costs. This appeal is from the judgment, and the trial judge having certified that the case involved the constitutionality of chapter 106, p. 108, Sess. Laws 1901, it is properly before us for consideration.

The only question to be determined is the validity of chapter 106. If it is valid, the judgment must be reversed; if invalid, the judgment must be affirmed.

The appellant contends that the Legislature had power to enact the law, and that the demurrer ought to have been sustained. The respondent insists that the enactment is in conflict with the Constitution and is void. The act is entitled "An act relating to justices of the peace in cities of the first class, and defining their jurisdiction, and limiting the application of this act to justices of the peace hereafter elected."

Section 1 reads: "In cities of the first class of this State, every justice of the peace shall reside in, and shall hold a justice court in the city for which he is elected."

Section 2: "(1) In actions arising on contract for the recovery of money only if the sum claimed is less than ten dollars. (2) In actions to recover the possession of personal property when the value of such property is less than ten dollars. (3) To hold inquests on the bodies of such persons as are supposed to have died by unlawful means within cities of the first class as is now provided by law for justices of the peace."

Section 3: "Justices of the peace in cities of the first class shall have no criminal jurisdiction, or jurisdiction as committing magistrates."

Section 4 provides that the rules of practice and the procedure in these courts shall be the same as before justices of the peace without such cities, and it provides likewise as to appeals.

Section 5 provides that the act shall not affect the jurisdiction of the present justices of the peace in cities of the first class, nor their term of office.

As will be observed, the act is limited in its application to courts of justices of the peace in cities of the first class, and does not affect such courts held outside such cities. It restricts the jurisdiction of such courts held in cities to cases where the amount involved is less than $10, while everywhere else in the State the same class of courts have jurisdiction of all cases where the amount involved is less than $300. Section 688, Rev. St. 1898. In this State all justices of the peace

26 Utah 5

belong to the same class of officers, that is, they constitute one class. Section 1, art. 8, Const. In the cities of the first class, as elsewhere in the commonwealth, they are, under our laws, precinct officers. Section 544, Rev. St. 1898; Sess. Laws 1901, p. 109, c. 107.

The question, then, is, has the Legislature the power to enact a law which will apply to a part, but not to all, of these officers and courts? Justices' courts are creatures of the Constitution, and we must look to that instrument to ascertain and determine whether or not the Legislature transcended its power in the premises.

Section 1 of article 8 provides: "The judicial power of the State shall be vested in the Senate sitting as a court of impeachment, in a supreme court, in district courts, in justices of the peace, and such other courts inferior to the Supreme Court as may be established by law."

Here are enumerated the several kinds or classes of tribunals in which the judicial power of the State is vested, and, as will be noticed, justices of the peace constitute one class, as distinct as either of the others.

Justices of the peace being thus a distinct class, made so by the fundamental law, can the Legislature, as in this instance, enact a law not applicable to all the members of the class, but especially to those designated in the act?

In other words, has the Legislature power to pass a special law which is intended to affect some of the justices of the peace, but not all of them? This question is answered by section 26 of article 6 of the Constitution, which, so far as material here, reads: "The Legislature is prohibited from enacting any private or special laws in the following cases: . . . (4) Regulating the jurisdiction and duties of Justices of the Peace. . . . (6) Regulating the practice of courts of justice. . . . (18) In all cases where a general law can be applicable, no special law shall be enacted." These provisions expressly prohibit the enactment of any special law to regulate the jurisdiction and duties of justices of the peace or the practice of courts of jus-

tice, and the command is that, where a general law is applicable, "no special law shall be enacted."

The enactment. in question, by express provision, applies only to a limited number of justices' courts, and affects the practice of only such limited number, and yet there appears to be no reason why a general law restricting the jurisdiction could not be made alike applicable to all of such courts. The Constitution, in section 8, article 8, expressly provides: "The jurisdiction of justices of the peace shall be as now provided by law, but the Legislature may restrict the same." This confers the power upon the Legislature to restrict the jurisdiction of such courts by a law general in its application, but it does not confer power to prescribe jurisdiction, for justices' courts of particular localities, different from that exercised by courts of the same grade or class in the State at large. No doubt, the jurisdiction exercised by justices of the peace under the general law may be restricted by legislative authority, but, when that is done, every justice must have the same jurisdiction, the same power, and the same duties as every other justice in the State. Any enactment changing the jurisdiction, power, or duties of justices of the peace, which does not affect all alike, or transcends the constitutional limits, is an infringement upon the fundamental law, and void. Nor can the Legislature so classify the justices of the peace, by classifying cities, as to avoid either the mandates or inhibitions of the organic law. As we have seen, the courts of this State are classified or enumerated in section 1 of article 8 of the Constitution, and therefore no other classification, in the absence of constitutional warrant therefor, can be made. which will either increase or diminish legislative power in this regard. There is no legislative authority to change the classification of courts made by the Constitution, nor to prescribe a jurisdiction for one tribunal different from that of another of the same class. State v. Magney, 52 Neb. 508,

72 N. W. 1006; Moores v. State (Neb.), 88 N. W. 514. Nor is the fact that a justice of the peace of a city of the first class is elected within and for a precinct whose territorial boundaries are co-extensive with the city material. All such justices are, nevertheless, precinct officers, and not merely city officers. Chapter 107, p. 109, Sess. Laws 1901. The justices' courts within such cities, same as those of all other localities of the State, are creatures of the Constitution, and the constitutional inhibition against special laws regulating their jurisdiction, power, and duties is imperative.

In Sutherland on Stat. Con., sec. 127, the author, speaking of special and local laws, says: "When prohibited, they are generally objectionable for not extending to the whole subject to which their provisions would be equally applicable, and thus permitting a diversity of laws relating to the same subject. The object of the prohibition of special or local laws is to prevent this diversity. Each subject as to which such laws are prohibited is by such inhibition designated as a subject of only general legislation which shall have a uniform operation. Generality in scope and uniformity of operation are both essential. A law which embraces a whole subject would still be special if not framed to have a uniform operation."

The question whether a general law, restricting the jurisdiction of justices of the peace, could be applied to all of them, had already, before the passage of the act in controversy, been decided in a practical way by the Legislature, in the enactment of chapter 4, p. 234, of the Revised Statutes of 1898, where the jurisdiction, powers and duties of such justices were prescribed. That was a general law, and applied to and constituted the rule of practice of every justice of the peace within the State. Such being the case, it could not be modified by a special law, upon the same subject, affecting only justices of the peace within cities of the first class. The special enactment falls within the inhibition of the Constitution, and is void and ineffective.

The statute in controversy being invalid, the judg-ment herein must be affirmed, with costs. It is so or-dered.

BASKIN, C. J., and McCARTY, J., concur.